# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK R. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1227 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus.

Petitioner is serving a prison term of 420 months on his conviction in the Superior Court of the District of Columbia of first degree murder while armed and related offenses. *See* Pet. ¶¶ 1-4. He alleges the cumulative errors of the presiding judge and trial counsel deprived him of his Fifth and Sixth Amendment rights. *See generally id.* ¶ 12; *see also id.*, Attach. (Argument). For these reasons, petitioner asks that his conviction be vacated or set aside. *Id.*, Attach.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for

4

relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). The petitioner's lack of success in his previous attempt to collaterally attack his conviction and sentence does not render his local remedy inadequate or ineffective, *see Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995), and he has no recourse in this federal district court.

The Court will grant petitioner's application to proceed *in forma pauperis* and deny his petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE:

7/17/14

_____
United States District Judge